REQUESTED BY: Senator James E. Pappas Nebraska State Legislature 1014 State Capitol Lincoln, Nebraska 68509
Dear Senator Pappas:
You have asked us several questions in regard to LB 391, Eighty-Eighth Legislature, First Session 1983. Your questions center on whether counties are still required to collect special assessments or to foreclose on delinquent special assessments after the adoption of LB 391. You state that you intend to offer corrective amendments if they are required after reviewing our responses to your questions. We will answer your questions in the order asked.
In your first question you ask whether the passage of LB 391 alters our opinion of August 8, 1975, Opinion No. 111, Report of the Attorney General 1975-1976. In that opinion we stated that the county attorney has a duty to institute foreclosure proceedings on property on which real estate taxes have been paid but special assessments are in default, and that the county treasurer was required to publish a list of delinquent special assessments if they had been certified to the county treasurer.
LB 391 amends §§ 23-601, 33-114, and 77-1707. It also enacts § 19-4501 (Supp. 1983) which is a new article applicable to metropolitan, primary, and first class cities. That section provides:
 Any city of the metropolitan, primary, or first class shall have authority to collect the special assessments which it levies and to perform all other necessary functions related thereto including foreclosure.
 The governing body of any city collecting its own special assessments shall direct that notice that special assessments are due, be mailed or otherwise delivered to the last-known address of the person against whom such special assessments are assessed or to the lending institution or other party responsible for paying such special assessments. Failure to receive such notice shall not relieve the taxpayer from any liability to pay such special assessments and any interest or penalties accrued thereon.
As is obvious, this is a permissive statute. It grants to metropolitan, primary, or first class cities authority to collect special assessments. It does not require it nor does it amend any of the sections we referred to in our 1975 opinion, nor have they been otherwise substantially amended since that time. It is therefore our opinion that LB 391 does not alter our Opinion No. 111 of August 8, 1975.
In your second question you ask whether counties are still required to collect special assessments and foreclose delinquent special assessments after the passage of LB 391. We have addressed that question in Opinion No. 111, and as we have indicated, since no change exists, those same duties and responsibilities still devolve upon the various county authorities.
In question number three you ask whether the county attorney's duty to institute foreclosure proceedings remains the same after the passage of LB 391. Once again, our opinion is that LB 391 has not affected that duty except to the extent that cities may act in their own capacity should they choose. Assuming all the requirements of law are met, the county attorney retains the duty which we expressed he had under statutory enactments relating to foreclose of taxes and special assessments as set forth in Opinion No. 111.
In your next question you assume that it is our opinion that LB 391 does alter the conclusions we reached in Opinion No. 111 of August 8, 1975. Since those conclusions have not been altered, we believe it unnecessary to answer this question.
In your final question, you ask whether in view of the statutory provisions and LB 391 it is the duty of the county attorney to institute such foreclosure proceedings when imposed by law, or is action by the county board necessary for the county attorney to institute such proceedings. LB 391 has had no effect on § 77-1901 (Reissue 1981) which provides in part: `The county board shall make and enter an order directing the county attorney to foreclose the lien for all taxes then delinquent, . . .' As a matter of pleadings, the county attorney is required to show that the county board has, in fact, acted to order the sale as required under 77-1901. It is therefore a requirement in special assessment collections also in that special assessment collections are to be completed in the same manner as are other real estate tax foreclosure proceedings. We find no statute differentiating between real estate special assessments and real estate taxes in this regard and, therefore, believe action by the county board is required.
Sincerely, PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General